Ryan E. Hatch (SBN 235577)
ryan@hatchlaw.com
**HATCH LAW PC**
325 W. Washington Street, Ste. 3012
San Diego, CA 92103-1946
Tel: 310-279-5076
Fax: 310-693-5328

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG L. LINDEN,<br><br>Plaintiff,<br><br>vs.<br><br>RESMED INC., RESMED CORP., RESMED HOLDINGS PTY LIMITED,<br><br>Defendants. | '24CV1291 BEN DEB<br>Civil Action No.: (Insert Case Number)<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Craig L. Linden ("Plaintiff") by his attorneys hereby alleges as follows.

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code. This action relates to the manufacturing, distribution, sale, and use of connected diagnostic and pulmonary

treatment devices, including but not limited to Airsense 10 series, Airsense 11 series, AirCurve 10 ASV, AirCurve 10 ST-A, AirCurve 10 VAuto, S, ST, AirCurve 11, AirView software, and myAir software (collectively, the "Exemplary Accused Products"), prior to the expiration of the U.S. Patent No. 9,639,150 ("the '150 Patent").

## PARTIES

2. Plaintiff Craig L. Linden is a resident of San Diego County, California.

3. Defendant ResMed Inc. is a corporation organized and existing under the laws of Delaware, with a principal place of business at 9001 Spectrum Center Blvd, San Diego, California, 92123-1438.  ResMed can be served via its registered agent, Michael Rider, 9001 Spectrum Center Blvd., San Diego, CA 92123.

4. Defendant ResMed Corp. is a corporation organized and existing under the laws of Minnesota, with an office located at 2345 Rice Street, Suite 230, Roseville, MN 55113.

5. Defendant ResMed Holdings Pty Limited is a holding company of multiple corporations around the world, and located in 1 Elizabeth Macarthur Dr Bella Vista, New South Wales, 2153 Australia. ResMed Holdings Pty Limited governs all ResMed entities, including ResMed Inc. and ResMed Corp.

6. ResMed Inc., ResMed Corp. and ResMed Holdings Pty Limited are referred to herein collectively as "ResMed" or "Defendants."

7. Defendants manufacture and sell products such as sleep devices, ventilation devices, masks, humidifiers, screening, and accessories.

## JURISDICTION AND VENUE

8. This action arises under the patent laws of the United States, Title 35 of the United States Code §§ 100, *et seq*. Accordingly, this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over Defendants, ResMed Inc. being headquartered in this District. For this reason, and for other reasons that will be presented to this Court if jurisdiction is challenged, this Court has personal jurisdiction over Defendants.

10. Venue is proper in this District under 28 U.S.C. § 1400(b) and 28 U.S.C. § 1391, because Defendants reside in this District and have committed acts of infringement in the United States.

## PATENT-IN-SUIT AND DEFENDANTS' PRODUCTS

11. Plaintiff is owner of all rights, titles, and interest in and to U.S. Patent No. 9,639,150, entitled "Powered Physical Displays on Mobile Devices" ("the '150 Patent"). On May 2, 2017, the U.S. Patent and Trademark Office duly and legally issued the '150 Patent. A true and correct copy of the '150 Patent is

attached hereto as Exhibit A.  The '150 Patent claims the benefit of earlier filing dates of U.S. provisional applications, the earliest of which is July 31, 1999, the filing of Provisional Application No. 60/146,782.

12. The claims of the '150 Patent are valid and enforceable. Plaintiff has the right to sue for and obtain damages for infringement of the '150 Patent.

13. The '150 Patent discloses various forms and applications of interactive powered display apparatuses and methods, for example, physically and/or electronically interactive communication enabled end user devices adaptable for use with various other distinct devices and may be remotely controlled to deliver in real-time one or more stimuli, such as air pressure. *See* Summary, column 3 line 49 to line 57, column 4 line 31 to column 5 line 3 of the '150 Patent.

14. Defendants are related medical equipment companies based in various locations.  Defendants manufacture and sell several lines of remotely controlled physically and/or electronically interactive communication enabled end user devices, including but not limited to the Exemplary Accused Products. Defendants also offer healthcare management applications such as My Air app for free downloads by patients. Defendants directly or indirectly practice the patented methods recited in the claims of the '150 Patent.

# COUNT I

# INFRINGEMENT OF U.S. PATENT NO. 9,639,150

15.     Plaintiff incorporates by reference each of the allegations in the foregoing paragraphs, and further allege as follows:

16.     The '150 Patent claims cover methods for treating a patient using physically and/or electronically interactive communication enabled end user devices, which may be remotely controlled to deliver in real-time one or more stimuli, such as air pressure to the patient. Exemplary Claim 1 recites a method for treating a patient comprising steps of: (1) providing a first device at a patient location, the first device being an internet and networking capable multi-media mobile electronic device comprising at least one each of a physical output display and an input transducer; (2) providing a second device at a remote location, wherein the second device is distinct and separate from the first device; (3) establishing an audio-video and data communication connection between the patient location and the remote location; (4) conducting an audio-video conference between the patient at the patient location and a treatment provider at the remote location, wherein the audio-video conference comprises the treatment provider eliciting patient information by verbally interacting with the patient; (5) transmitting the patient information from the first device to the second device by way of the audio-video conference; (6) using the input transducer to measure a

patient parameter at the patient location and produce a first signal indicative of the patient parameter, wherein the patient parameter includes at least one vital sign; (7) transmitting the first signal to the second device; (8) forming a diagnosis at least partially based on the patient parameter; (9) using the first signal at the remote location, the diagnosis and the patient information transmitted before, during or after the audio-video conference to determine a treatment and generating a second signal associated with said treatment; (10) sending said second signal from said second device to said first device to administer a treatment; and (11) using said second signal to cause a physical interaction between the physical output display and the patient..

17. Defendants have injured Plaintiff and are liable to Plaintiff for direct and indirect infringement of the '150 Patent, including but not limited to Asserted Claims (Claim 1, Claim 2, and Claim 9) as explained below.

18. Upon information and belief, in some instances, Defendants directly infringe the '150 Patent because Defendants perform, for example, at least the third, the fifth, the sixth, the seventh, the tenth, and the eleventh steps of Claim 1 and directs or controls another's (a patient's and a treatment provider) performance of other steps. *See Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015). Defendants condition participation in an activity or receipt of a benefit upon performance of a step or steps of a patented method and

establishes the manner or timing of such performance. *See id*; *InfoGation Corporation v. Google LLC*, No. 21-CV-00843-H-LL, 2021 WL 4311009, at *6 (S.D. Cal. Sept. 21, 2021) (basing the direct infringement liability on the plaintiff's allegation that Google established the manner and timing of the client's receipt of the non-proprietary, natural language description). Defendants are liable as direct infringers of the '150 Patent because Defendants, the patient and/or the treatment provider, literally perform every step of the Asserted Claims of the '150 Patent collectively.

19. In the alternative, Defendants, the patient, and/or the treatment provider, perform substantially the same function, in substantially the same way, to achieve substantially the same result of limitations of the '150 Patent. In such situations, Defendants are liable as direct infringers under the doctrine of equivalents.

20. In other instances, Defendants indirectly infringe the '150 Patent because another person (a patient and a treatment provider) performs all the steps of the Asserted Claims. Defendants know of the '150 Patent but actively and willfully induces infringement of the '150 Patent by the patient and the treatment provider.

21. Additionally, Defendants contributorily infringe the '150 Patent because Defendants sell, offer to sell within the United States a component of a

patented machine, manufacturer, combination or composition, or a material or apparatus for use in practicing a patented process of the '150 Patent, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of the '150 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

22. An exemplary claim chart showing infringement of Claim 1 is attached hereto as Exhibit B, incorporated herein by reference.

23. Defendants have committed acts of infringement of the '150 Patent without license or authorization from Plaintiff pursuant to 35 U.S.C. § 271(a), (b), and (c).

24. Defendants' infringement has been willful, and they have been aware of the '150 Patent since at least January 19, 2021.

25. As a result of Defendants' infringement of the '150 Patent, Plaintiff has suffered harm and seeks monetary damages in an amount adequate to compensate for infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

26. If Defendants' infringement of the '150 Patent is not enjoined, Plaintiff will suffer substantial and irreparable harm for which there is no remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully pray that this Court grant the following relief:

A. A judgment that Defendants have directly and/or indirectly infringed the '150 Patent;

B. A judgment that Defendants' infringement is willful, entitling Plaintiff to treble damages under 35 U.S.C. § 284;

C. Damages or other monetary relief to Plaintiff, together with costs, expenses, pre-judgment interest and post-judgment interest as allowed by law;

D. An order permanently enjoining Defendants, any of their affiliates, subsidiaries, and each of its officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for any of them or on any of their behalf, or acting in concert with any of them directly or indirectly, from infringing the '150 Patent; and

E. Any such other and further relief as the Court deems just and equitable.

## JURY TRIAL DEMANDED

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury of any issues so triable by right.

Dated: July 24, 2024

By: /s/ Ryan E. Hatch
Ryan E. Hatch
HATCH LAW PC
325 W. Washington Street, Ste. 3012
San Diego, CA 92103-1946
Tel. 310-279-5076
Fax. 310-693-5328
Email: ryan@hatchlaw.com

COMPLAINT FOR PATENT INFRINGEMENT